IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HERBERT MCDOWELL, JR., # 145167; AND PATRICK BOOKER, # 297590, <br><br> Plaintiffs, <br><br> vs. <br><br> SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, <br><br> Defendant. | ) Civil Action No. 3:10-0955-CMC-JRM <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiffs filed this action in the Court of Common Pleas for Saluda County. Defendants, the South Carolina Department of Corrections ("SCDC"), McKither Bodison, and Fred B. Thompson, removed the action to this court on April 16, 2010.[1] On April 27, 2010, Plaintiff Patrick Booker ("Booker") filed an amended complaint in which only SCDC was named as a defendant. Booker filed a motion to remand on May 4, 2010. The undersigned, on May 4, 2010, ordered that this case be brought into proper form by May 28, 2010. In particular, Plaintiff Herbert McDowell, Jr. ("McDowell") was directed to either sign the amended complaint and motion to remand or notify the Court of his desire not to join in the amended complaint and motion to remand. Copies of the amended complaint and motion to remand, signed by Plaintiff McDowell, were filed on May 13, 2010.

On May 27, 2010, Defendant SCDC filed a motion to strike paragraph 16 of the amended complaint. Defendant filed a motion for summary judgment on August 30, 2010. Because Plaintiffs are proceeding pro se, they were advised on August 31, 2010, pursuant to Roseboro v. Garrison, 528

---
[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.

F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment could result in the dismissal of their complaint. Plaintiffs filed a response on September 23, 2010.

**DISCUSSION**

Plaintiffs argue that this action should be remanded to the state court because the amended complaint contains only state law claims for gross negligence, does not assert or allege a violation of any federal law or constitutional right, and only contains claims under South Carolina law. They also argue that even if this Court has jurisdiction over the amended complaint it must relinquish its jurisdiction as the remaining Defendant, a state agency, is not subject to suit in federal court except upon the express consent of both parties and that Plaintiffs withhold their consent to the matter being heard in federal court. Defendant contends that the original complaint contained federal claims and the amended complaint had not been signed by McDowell, but does not object to remand with the case going forward only with causes of action under South Carolina law.

A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. See 28 U.S.C.A. § 1441. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The burden of demonstrating jurisdiction resides with "the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994)). Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. See Mulcahey, 29 F.3d at 151.

It is recommended that Plaintiffs' motion to remand be granted, as the amended complaint raises only state law claims. Plaintiff McDowell has now signed the amended complaint and the motion to remand. Although Plaintiffs appear to have asserted federal claims in their original complaint, they did not include these in their amended complaint. The only claims asserted by Plaintiffs in their amended complaint are for gross negligence under South Carolina law.[2] Plaintiffs specifically state in their motion to remand that they have not asserted or alleged a violation of any federal law or constitutional right in their amended complaint. As noted above, Defendant does not object to remand.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiffs' motion to remand (Doc. 12) be **granted** and that this action be **remanded** to the Court of Common Pleas for Saluda County.

Joseph R. McCrorey
United States Magistrate Judge

December 8, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] Diversity of citizenship under 28 U.S.C. § 1332 does not appear to provide a basis for federal jurisdiction over this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).